## Case No. 472.

### ANONYMOUS.

### IN THE CASE OF THE CLERK'S FEES.

[Taney, 453.][1]

Circuit Court, D. Maryland. April Term, 1841.

CLERK OF COURT—FEES—HOW DETERMINED.

1. The third section of the act of congress of 28th February, 1799, among other things, declares that "in case a clerk of a court of the United States perform any duty for which the laws of the state make no provision, the court in which such service shall be performed, shall make a reasonable compensation therefor:" Held, that in order to determine what is a reasonable compensation, the court must look to what the law allows in similar cases.

[Cited in Jerman v. Stewart, 12 Fed. 275.]

2. That whatever the legislature allows to the officer in any case, it must be supposed, they considered a reasonable compensation, and meant a compensation at the same rate, when they referred it to the court to make a reasonable allowance.

3. That acting upon this principle, the fees allowed in the case of a seizure of goods in a river or creek, for a breach of the revenue laws, would seem to furnish the true rule of compensation to the clerk, in the case of a seizure upon land, for a similar breach of the revenue laws.

4. That as in cases of seizure within the admiralty jurisdiction, the clerk is, by the act of 18th April, 1814, allowed one-half of one per cent. commission on the money deposited in court, the same allowance may be deemed reasonable, in cases of seizure made upon land, where the property seized has been condemned as forfeited and sold, and the proceeds brought into court.

Quere? Whether the act of 1814 is confined to admiralty cases, or extends to others.

TANEY, Circuit Justice. In this case, a seizure has been made, on land, of goods to a large amount, for a breach of the revenue laws, and the goods seized have been condemned as forfeited and sold, and the proceeds brought into court to be distributed, after the payment of costs, according to law. A question has arisen as to a portion of the costs charged by the clerk; he claims one-half of one per cent., upon the amount of money deposited in court. If the seizure had been made upon water, within the jurisdiction of the admiralty court, the clerk would undoubtedly be entitled to the commission he claims. The act of congress of 1st March, 1793, (1 Stat. 332,) gave him one and a quarter per cent. on all money deposited in court, in admiralty and maritime cases; the act of 28th February, 1799, § 3, (1 Stat. 625, confirms the provision made in the act of 1793; and the act of 18th April, 1814, (3 Stat. 133,) reduces the commission allowed by the above-mentioned laws to one-half of one per cent.; so that, if this were a seizure within the limits of the admiralty jurisdiction, there could be no question as to the proper fee to be allowed. Some doubt, however, has been entertained as to the construction of the act of 1814, in relation to cases not within the admiralty jurisdiction; and it is suggested, that its only purpose was to lessen the fees before allowed in admiralty and maritime cases, and not to give compensation where none had before been provided. But from the rule upon that subject adopted by this court, in December, 1826, it appears, that a contrary opinion was, at that time, entertained; and it was held, that the statute not only lessened the fees in this respect, in admiralty and maritime cases, but also gave the commission thereby allowed in such cases, that is, one-half of one per centum, in all cases where money was deposited in court, whether they were of admiralty jurisdiction or not. It is not, however, necessary, in determining the present question, to decide upon the construction of the act of 1814; the point before us can be satisfactorily disposed of, under the third section of the act of 1799, giving either of the constructions above mentioned to the act of 1814.

The third section of the act of 1799, among other things, declares that in case the clerk performs any duty for which the laws of the state make no provision, the court in which such service may be performed, shall make a reasonable compensation therefor. Now, there can be no seizures in the state courts, in cases like this, and consequently, no

[Reported by James Mason Campbell, Esq.]
1FED.CAS.—65

money paid into court upon such a proceeding; the state law, therefore, cannot furnish the rate of compensation, according to the section of the act of 1799, above mentioned, but this court is required to make a reasonable compensation. In order to determine what is a reasonable compensation, we must look to what the law allows in similar cases; for, whatever the legislature allows to the officer in any case, we are bound to suppose they consider a reasonable compensation, and mean a compensation, at the same rate, when they refer it to the court to make a reasonable allowance. Acting upon this principle, the fees allowed in the case of a seizure in a river or creek, for a similar breach of the revenue laws, would seem to furnish the true rule of compensation. The proceedings are in all respects alike; the object is the same, and the same tribunal exercises jurisdiction. There can be no good reason for making a different rate of fees, or allowing a different commission to the clerk, merely because the goods are seized on land, instead of the water; when the proceeding is the same in every respect. And as it is admitted, on all hands, that the clerk is entitled to one-half of one per cent. upon money deposited, in cases of admiralty and maritime jurisdiction, the same may be deemed reasonable in the case before us. In this view of the matter, it is immaterial whether the act of 1814 is confined to admiralty cases, or extends to others. Upon either construction, the clerk is entitled to the fees he now claims.